19-2834-cv
*Elghourab v. Vista JFK, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty.

PRESENT:    RALPH K. WINTER,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MOHAMED ELGHOURAB,
                    *Plaintiff-Appellee,*

            -v-                                    19-2834-cv

VISTA JFK, LLC,
                    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE:        JUSTIN M. REILLY, Neil H. Greenberg &
                               Associates, P.C., Massapequa, New York.

FOR DEFENDANT-APPELLANT:     CHRISTOPHER A. SEACORD (Alex Dumas, *on the brief*), Gordon Rees Scully Mansukhani, LLP, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Defendant-appellant Vista JFK, LLC ("Vista") appeals from the district court's amended judgment, entered August 13, 2019, after a bench trial, awarding Elghourab overtime wages, liquidated damages, and statutory wage notice damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the New York Labor Law (the "NYLL"), as well as pre-judgment and post-judgment interest. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Vista owns and operates a hotel near John F. Kennedy International Airport.[1] Elghourab worked as a chef in the restaurant in Vista's hotel from September 2011 to September 2016. During his employment, Elghourab did not receive overtime pay despite working in excess of 40 hours per week and holidays. On February 17,

---

[1] The facts in this section are taken from the findings of fact made by the district court after the bench trial.

2

2017, Elghourab commenced this action against Vista, alleging overtime violations under the FLSA and NYLL, and a statutory wage notice violation under NYLL § 195(1). After a bench trial, the district court issued its opinion and order, concluding that Vista violated the FLSA and NYLL, and that Elghourab did not qualify as an exempt executive. Accordingly, the district court awarded Elghourab $420,248.36 in unpaid overtime compensation, $420,248.36 in liquidated damages, $5,000 in statutory wage notice damages, and pre- and post-judgment interest. Judgment entered June 19, 2019.

On July 17, 2019, Vista moved to alter or amend the judgment on the grounds that the damages calculation did not consider Elghourab's vacation and sick days and there were inconsistencies in Elghourab's testimony regarding the number of hours worked. By opinion and order entered July 31, 2019, the district court granted Vista's motion under Federal Rule of Procedure 59(e), in part, agreeing that the damages calculation failed to exclude time Elghourab had taken off for vacation and sick leave, but rejecting Vista's argument that further reductions in the damages award should be made. An amended judgment entered on August 13, 2019, in the amounts of (1) $411,791.96 in unpaid overtime compensation; (2) $411,791.96 in liquidated damages; (3) $5,000 in statutory wage notice damages; and (4) $195,683.54 in pre-judgment interest, totaling $1,024,267.46; and post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961. This appeal followed.

3

*DISCUSSION*

On appeal, Vista argues that the district court: (1) committed several evidentiary errors during the bench trial, (2) improperly concluded that Elghourab was not exempt under the executive exemption of the FLSA and NYLL, and (3) erred in calculating Elghourab's damages.

**I.**     *Evidentiary Rulings*

We review a district court's evidentiary rulings for abuse of discretion. *See Keepers, Inc. v. City of Milford*, 807 F.3d 24, 34 (2d Cir. 2015). On appeal, Vista argues that the district court abused its discretion in declining to admit a job description, performance evaluation, and email under the business records exception, and in prohibiting Vista's counsel from questioning Elghourab. We are not persuaded.

The district court properly concluded that the job description was inadmissible because it was not relevant, as it did not accurately reflect Elghourab's job duties. For instance, the district court did not find Vista's witnesses' testimony credible with respect to Elghourab's alleged training and scheduling duties, both of which are listed on the job description. Further, the performance evaluation was inadmissible because it was not maintained in the regular course of business, as confirmed by Vista's witness. *See* Fed. R. Evid. 803(6). The email in dispute was also inadmissible because Vista's witness did not recognize it and it could not be authenticated otherwise. Finally, the record shows that the district court did not prohibit Vista's counsel from

4

questioning Elghourab, but instead simply asked for clarification due to hearsay concerns. The record shows that Vista's counsel could have, but apparently chose not to, continue this line of questioning.

## II.    *The Exemption for Executives*

On appeal from a bench trial, "we review the district court's findings of fact for clear error and conclusions of law and mixed questions *de novo*." *Mitchell v. Garrison Protective Servs., Inc.*, 819 F.3d 636, 641 (2d Cir. 2016) (quoting *Connors v. Conn. Gen. Life Ins. Co.*, 272 F.3d 127, 135 (2d Cir. 2001)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)). The question of whether an employee falls under the FLSA executive exemption is a mixed question of fact and law -- *i.e.*, how the employee spent his time working is a question of fact, while whether the employee's activities exclude him from overtime benefits is a question of law. *See Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir. 2010); *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986).

Here, after reviewing the admissible evidence and hearing testimony from multiple witnesses including Elghourab, the district court concluded that Elghourab did not qualify as an exempt executive under the FLSA or NYLL. The district court's findings of fact were based on its weighing of relevant evidence and, on appeal, this

5

Court may not "second-guess the bench-trial court's credibility assessments." *Krist*, 688 F.3d at 95. Moreover, the district court's conclusions of law were grounded in its careful analysis examining the relevant factors defining an "employee employed in a bona fide executive capacity." 29 C.F.R. § 541.100(a).

On appeal, Vista principally disputes the district court's weighing of evidence and credibility assessments. As this Court has explained, however, "as trier of fact, the judge is entitled, just as a jury would be, to believe some parts and disbelieve other parts of the testimony of any given witness." *Krist*, 688 F.3d at 95 (internal quotation marks and citations omitted). Accordingly, we affirm for substantially the reasons set forth by the district court in its thorough June 11, 2019 order.

## III. *Damages Calculation*

We review a district court's damages calculation for clear error, and conclusions of law *de novo*. *Rana v. Islam*, 887 F.3d 118, 121 (2d Cir. 2018). Under both the FLSA and NYLL, plaintiffs are entitled to liquidated damages if they have been denied appropriate minimum wages or overtime. 29 U.S.C. § 216(b), 260; NYLL § 198(1-a), 663(1); *see also* 29 U.S.C. § 260 (mandating that an employer pay liquidated damages unless the employer demonstrates that he was acting in "good faith" and "had reasonable grounds for believing" that he was not acting in violation of the FLSA). We have "characterized the employer's burden [under § 260] as 'a difficult one,' emphasizing that 'double damages [are] the norm and single damages the exception.'"

6

*Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (alteration in original) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)).

Here, the district court properly awarded liquidated damages after concluding that Vista failed to take any "active steps to ascertain the dictates of the FLSA." *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). Indeed, witness testimony confirms that Vista did not consider whether Elghourab's position was exempt and, instead, labeled him as exempt simply because it was industry norm. This was insufficient to carry Vista's heavy burden under § 260. *See Barfield*, 537 F.3d at 150. Finally, the district court calculated Elghourab's overtime wages based on a conservative approximation of his work hours, and we discern no clear error in these findings of fact.[2]

\* \* \*

---

[2] We also reject Vista's argument challenging the district court's reliance on Elghourab's damages calculation. After granting in part Vista's motion to amend the judgment, the district court directed both Vista and Elghourab to submit an amended damages calculation based on the district court's findings of fact. Vista did not object to the amended damages calculation below and cannot now challenge the district court's reliance on its joint submission on appeal.

We have considered Vista's remaining arguments and conclude they are without merit. For the foregoing reasons, the amended judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk